J. C. BAUM ET AL., the City Board of Equalization, *v.* THE
BOARD OF COMMISSIONERS OF HAMILTON COUNTY.

The city board of equalization are entitled to compensation for their
services from the county treasury, and county commissioners are obli-
gated to fix and allow the same without reference to the rate of the com-
pensation allowed the county board of equalization.

This was an amicable suit reserved on an agreed state-
ment of fact to General Term.

The case appears fully in the opinion.

*W. S. Scarborough, County Solicitor,* for the defendants.

STORER, J.   The question submitted to us is, whether the
commissioners of Hamilton county have the power to
fix the per diem compensation of the city board of equal-
ization for their services, and pay the same out of the county
treasury.

By section 40 of the act of April 5, 1859 (S. & C. 1454), it
is enacted " that there shall be a special board for the equal-
ization of the real property in the city of Cincinnati, to be
composed of six citizens of the city, to be appointed by the
city council, who, with the county auditor, shall compose
the city board of equalization.   Such board shall meet on
the fourth Monday of October, 1859, and every sixth year
thereafter, and shall have power to equalize the value of
the said property within the city, and shall be governed by
the same rules, provisions, and limitations that are prescribed
in section 39 of this act."

By the law of May 8, 1868 (S. & S. 753), section 40 was
so amended that it was made to apply to all cities of the
first and second class, thereby relieving it from any doubt
as to its invalidity on the ground of special legislation
merely.   In no other particulars was the section changed.

A county board of equalization was also constituted by the act of 1859, composed of the county auditor, the county surveyor, and the county commissioners, or a majority of them, who were to perform the same duties in relation to the real estate without the city, as the city board of equalization were empowered to discharge in the equalization of real property within the city limits.

By section 50 of the same act (S. & C. 1458), it was enacted that "each member of the county board of equalization shall be entitled to receive for each day necessarily employed in the duties enjoined upon him by this act, such sum as the commissioners of the county shall allow, not exceeding two dollars, to be paid out of the county treasury on the order of the auditor," but no reference is made to the city board, and no provision in terms is made to remunerate its members, nor does it appear to us, although the city board are bound to perform the same duties and to be governed by the same rules the law imposes upon the county board, they are thereby limited to the same per diem allowance by necessary implication.

The county board is composed of county officers only, who receive their annual salary meanwhile, and for the additional duties devolved upon them they may claim the extra allowance given by section 50. But the city board, with the exception of the county auditor, are not officers of the county, but private citizens, who are called from their ordinary business, which may require immediate attention, and to give their whole time for months to the discharge of a most important yet irksome duty. It is but just, therefore, that they should be fairly, and performing as they do so important a service, liberally compensated. Nor do we think the allowance to be made in any manner depends upon what may be the compensation of the county board, as from the difference of the composition of the two boards, neither the nature of their office nor the equity of the statute demand such a comparison as the measure of remuneration.

Nor do we believe that the county commissioners should

remand the city board to the city council for their compensation. The commissioners have heretofore admitted, we are told, their power to compensate the city board, and we can see no injustice nor any excess of jurisdiction on their part to prevent them from still exercising it. The city pays a very large share of the taxes assessed for county purposes, and of necessity is compelled mainly to bear the burden of discharging the compensation allowed to the county board, though they have no control over the assessment of the real property within its limits, and it is but the same result if the allowance to be made to the city board is paid in the first instance from the county treasury, as practically the city bears its full proportion of the expense.

We are of the opinion, therefore, that the commissioners have the necessary authority, and would be fully justified in allowing the members of the city board a fair and liberal compensation for their services, in performing the duties they have assumed, to be paid from the county treasury.